**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JESSICA CLIPPINGER, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., )<br><br>Defendant. ) | No. 2:20-cv-02482-TLP-cgc<br><br>JURY DEMAND |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY, HOLDING IN ABEYANCE PLAINTIFF'S MOTION TO COMPEL, GRANTING PLAINTIFF'S MOTION FOR RULE 56(d) DISCOVERY, DENYING AS MOOT DEFENDANT'S MOTION FOR A PROTECTIVE ORDER, AND EXTENDING DEADLINES TO MOVE FOR CLASS CERTIFICATION**

The parties filed a flurry of discovery motions in this case. Indeed, four discovery motions are currently pending before the Court. First is Plaintiff's Motion to Compel. (ECF No. 63.) There, Plaintiff seeks to compel evidence related to class certification. (*Id.*; *see also* ECF No. 81 at PageID 1026.) But Defendant moves to stay all discovery until the Court decides its Motion for Summary Judgment. (ECF No. 70.)

What is more, Defendant also moves for a Protective Order. (ECF No. 75.) This is because, following Defendant's Motion for Summary Judgment and Motion to Stay, Plaintiff served Defendant with six deposition notices and a request for written discovery. (*Id.* at PageID 884.) Now Defendant asks the Court to stop Plaintiff from seeking this discovery. (*Id.* at PageID 885.)

Only one minute after Defendant moved for a Protective Order, Plaintiff moved for Rule 56(d) discovery. (ECF Nos. 76 & 77.) She argues that Defendant is refusing her a reasonable and fair opportunity to seek discovery about the issues raised in the Motion for Summary Judgment. (ECF No. 76 at PageID 925.) She thus submits a Rule 56(d) motion and affidavit, asking the Court to (1) permit additional discovery, (2) direct Defendant to make witnesses Peter Herzog and Lynn Vanderford available for depositions within fourteen days, and (3) extend the deadline for Plaintiff to respond to Defendant's Motion for Summary Judgment. (*Id.*)

## LEGAL STANDARDS

I. **Motions to Compel or Stay Discovery**

Under Federal Rule of Civil Procedure 37, a party can move to compel discovery if another party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018). This means that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citation omitted). And so, courts can grant motions to compel discovery or, by contrast, to limit it. *Pittman*, 901 F.3d at 642–43.

When a party moves to stay discovery, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). And when considering a motion to stay discovery, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D.

2

Ohio Sept. 16, 2010).  Notably, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery."  *Id.* at *2.

## II.  Motion for Rule 56(d) Discovery

Under Federal Rule of Civil Procedure 56(d), a nonmovant responding to a motion for summary judgment may show by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  "The [nonmovant's] affidavit must 'indicate to the district court the party's need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'"  *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)).

The nonmovant thus bears the burden of showing "why he could not oppose the summary judgment motion by affidavit and how postponement of a ruling on the motion would enable him to rebut [the movant's] showing of the absence of a genuine issue of material fact." *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989).  If the nonmovant makes this showing, the Court may either defer or deny the motion for summary judgment; allow time for discovery; or issue any other appropriate order.  Fed. R. Civ. P. 56(d)(1)–(3).

When the Sixth Circuit reviews a district court's ruling on a Rule 56 motion for additional discovery, it considers five factors:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Doe*, 928 F.3d at 491 (quoting *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).  The Sixth Circuit has suggested that district courts should also consider these factors when deciding a Rule 56(d) motion.  *See id.*

## ANALYSIS

### I.     Discovery Related to Class Certification

Plaintiff moves for an order requiring Defendant to produce "three interrelated categories of documents."  (ECF No. 63 at PageID 531.)  In particular, she requests: (1) all data maintained in Defendant's computer system related to Plaintiff's property claim for her total loss vehicle; (2) the documents Defendant used to claim CAFA jurisdiction in its Notice of Removal; and (3) twenty-one categories of data relevant to identifying other potential class action members.  (*Id.* at PageID 531–33.)  In effect, these discovery requests seek information about class certification.

Defendant, however, argues that the Court should stay discovery pending its decision on the Motion for Summary Judgment.  (*See* ECF Nos. 70, 71 & 75.)  That a party filed a motion for summary judgment is not enough by itself to support a stay of discovery.  *See Bowens*, 2010 WL 3719245, at *2.  But Defendant has other reasons for its request.  Defendant argues that the discovery Plaintiff seeks is disproportionate to the needs of the case and is too burdensome.  (ECF No. 71 at PageID 816.)  And it argues that much of the discovery Plaintiff requests will not resolve any contested issues about the class size or damages.  (*Id.*)  Defendant further argues that Plaintiff is atypical of the class and that class discovery is therefore inappropriate.[1]  (ECF No. 75 at PageID 885.)

The Court finds that discovery on class certification at this early stage in the litigation may be burdensome on Defendant and disproportionate to the needs of the case.  Plus, class

---

[1] Plaintiff responds that Defendant's claim that Plaintiff is an atypical class representative is premature and lacks merit.  (ECF No. 83 at PageID 1032.)

4

certification discovery is not relevant to the pending Motion for Summary Judgment. So Plaintiff will suffer little hardship if the Court stays class certification discovery.

The Court, therefore, uses its broad discretion to stay discovery on class certification. That said, the Court finds it would be premature to stay such discovery until the Court decides the Motion for Summary Judgment. And so, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Stay (ECF No. 70). The Court stays discovery as to class certification only until further Order of this Court. The Court will notify the parties when it reopens discovery on this issue. The Court further **HOLDS IN ABEYANCE** Plaintiff's Motion to Compel (ECF No. 63).[2] The Court will consider the Motion to Compel when it reopens class discovery.

## II.     Discovery Related to the Motion for Summary Judgment

Defendant moves for a Protective Order forbidding Plaintiff from seeking the discovery that she served on April 7, 2021, until this Court has decided the Motion for Summary Judgment. (ECF No. 75 at PageID 886.) Plaintiff, however, argues that she needs more discovery in order to respond to Defendant's Motion for Summary Judgment. She argues that Defendant's Motion for Summary Judgment includes declarations from two newly revealed witness. (ECF Nos. 76 at PageID 924; 76-1 at PageID 938.) What is more, the declarations involve contested facts. (*Id.*) For example, Plaintiff disputes Defendant's claim that she never objected to Defendant's valuation of her total-loss vehicle. (*See* ECF No. 68-4 at PageID 706–08.)

Also of note, Mr. Herzog's declaration is the only evidence supporting Defendant's claim that it requested appraisal and that Plaintiff refused to participate in appraisal. (*See* ECF Nos. 68 at PageID 659; 26-2; 68-1 at PageID 669.) But it is not clear how Mr. Herzog knows this

---

[2] The Court extends Plaintiff's deadline to reply to the Motion to Compel to May 21, 2021.

information or what documents he relied on to make these assertions.  (*See* ECF No. 76 at PageID 929–30.)  And as Plaintiff emphasizes, there are also questions about the documents Ms. Vanderford relied on in her declaration.  (*Id.* at PageID 926, 930.)

Plaintiff thus argues that Defendant is refusing her a reasonable and fair opportunity to seek discovery on the issues raised in the Motion for Summary Judgment.  (*Id.* at PageID 925.)  As a result, she submits a Rule 56(d) order and affidavit, asking the Court to (1) permit additional discovery, (2) direct Defendant to make witnesses Peter Herzog and Lynn Vanderford available within fourteen days, and (3) extend the deadline for Plaintiff to respond to the Motion for Summary Judgment.  (*Id.*)

The Court finds that Plaintiff satisfies her burden under Rule 56(d) and shows that additional discovery is necessary here.  Her affidavit identifies the specific facts that Plaintiff seeks to find through discovery and why these facts are material to her response to the Motion for Summary Judgment.  (*Id.* at PageID 941–44.)  Plaintiff clearly explains that she seeks to depose Mr. Herzog and Ms. Vanderford in order to learn about their personal knowledge of the attested facts and the documents that they used to make their declarations.  (*Id.*)

The affidavit also explains in detail her efforts to obtain discovery from Defendant.  (*Id.* at PageID 938–41.)  There is no evidence that Plaintiff has been dilatory in her discovery efforts, either.  *See Doe*, 928 F.3d at 491.  Plus, as Defendant admits, this case is in the early stages of discovery and Plaintiff just learned about these witnesses when Defendant filed the Motion for Summary Judgment.  (ECF Nos. 70 at PageID 801; 76-1 at PageID 938.)

All in all, Plaintiff has explained why she needs discovery, what material facts she hopes to uncover, and why she has not previously discovered the information.  *See Doe v. City of Memphis*, 928 F.3d at 490.  So the Court **GRANTS** Plaintiff's Motion for Rule 56(d)

Discovery.[3]  And as a result of this Court's Order on the Motion to Stay and the Motion for Rule 56(d) Discovery, the Court **DENIES AS MOOT** Defendant's Motion for a Protective Order.

## CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Stay. (ECF No. 70.)  All discovery related to class certification is stayed until further notice.  As a result, the Court **HOLDS IN ABEYANCE** Plaintiff's Motion to Compel.  (ECF No. 63.)  The Court further **GRANTS** Plaintiff's Motion for Rule 56(d) Discovery.  (ECF Nos. 76 & 77.) Plaintiff may seek additional discovery related to Defendant's Motion for Summary Judgment. And finally, the Court **DENIES AS MOOT** Defendant's Motion for a Protective Order.  (ECF No. 75.)

As a result of this Order, the Court also extends Plaintiff's deadline for filing a motion for class certification.  (*See* ECF No. 50 at PageID 414.)  The Court will reset that deadline, Defendant's deadline to respond, and Plaintiff's deadline to reply at a later date.

**SO ORDERED**, this 22nd day of April, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has until May 14, 2021, to respond to the Motion for Summary Judgment.  And under Local Rule 56.1(c), Defendant has fourteen days after Plaintiff's response to file a reply.  And so, although in a status conference the Court said Defendant's reply is due on May 21, 2021, it is instead due on May 28, 2021.